IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER A. ARNOLD, M.D., P.A.**                      **PLAINTIFF**

vs.                Case No. 5:16-cv-05178-PKH

**D1 SPORTS MEDICINE, LLC**                            **DEFENDANT**

**ANSWER AND COUNTERCLAIM OF D1 SPORTS MEDICINE, LLC**

COMES NOW, D1 Sports Medicine, LLC ("D1"), by its undersigned counsel, and for its Answer to the Petition for Declaratory Judgment and Complaint at Law (the "Complaint") and Counterclaim, states as follows:

**ANSWER**

1. D1 admits that Christopher A. Arnold, M.D., P.A. ("Arnold") is engaged in business in Fayetteville, Washington County, Arkansas. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. D1 admits the allegations contained in paragraph 2 of the Complaint.

3. D1 admits the allegations contained in paragraph 3 of the Complaint.

4. D1 admits that it maintains a principal place of business in Franklin, Tennessee. D1 denies the remaining allegations contained in paragraph 4 of the Complaint.

5. D1 admits the allegations contained in paragraph 5 of the Complaint.

6. D1 admits the allegations contained in paragraph 6 of the Complaint.

7. D1 admits that Exhibit A to the Complaint appears to be a copy of the Therapy Management Agreement ("Agreement") entered between Arnold and D1 on or about August 18, 2015, the terms of which speak for themselves.

8. D1 admits the allegations contained in paragraph 8 of the Complaint.

9. D1 admits the allegations contained in paragraph 9 of the Complaint.

10. D1 admits that it performed services under the Agreement in Fayetteville, Washington County, Arkansas. Unless expressly admitted in response to a specific paragraph of the Complaint, D1 denies the remaining allegations contained in paragraph 10 of the Complaint and it expressly denies the truth of the acts and omissions attributed to it by Arnold and alleged in the Complaint.

11. Paragraph 11 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 11 of the Complaint could be construed as allegations of fact, they are denied.

12. D1 admits that this Court has jurisdiction over the subject matter and parties named herein, and that venue properly lies in this Court, all as set forth in D1's Notice of Removal.

13. The allegations contained in paragraph 13 of the Complaint purport to quote and summarize terms of the Agreement, but omit material language from the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

14. The allegations contained in paragraph 14 of the Complaint purport to summarize terms of the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1. D1 admits that under the Agreement it would lease to Arnold "all non-clerical, licensed or certified personnel (i.e., physical therapists, certified athletic trainers, and occupational therapists) necessary for the provision of therapy services to [Arnold's] patients . . .." (Agreement § 3).

15. The allegations contained in paragraph 15 of the Complaint purport to summarize terms of the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.  D1 admits that Section 3.2 of the Agreement contains a representation by D1 that "the Leased Employees will have the necessary education, licenses, permits, training, and certificates to perform the services described in this Section 3 . . .." (Agreement § 3.2).

16. D1 denies the allegations of paragraph 16 of the Complaint which allege implicit or implied terms in the Agreement.  Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

17. The allegations contained in paragraph 17 of the Complaint purport to summarize terms of the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

18. The allegations contained in paragraph 18 of the Complaint purport to summarize terms of the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

19. The allegations contained in paragraph 19 of the Complaint purport to quote and summarize terms of the Agreement, but omit material language from the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

20. The allegations contained in paragraph 20 of the Complaint purport to summarize terms of the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

21. The allegations contained in paragraph 21 of the Complaint purport to summarize terms of the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

22. D1 admits the allegations contained in paragraph 22 of the Complaint.

23. The allegations contained in paragraph 23 of the Complaint purport to summarize terms of the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.  D1 admits that Section 8.2 of the Agreement addresses when a party may terminate for economic reasons, and speaks for itself.

24. D1 admits that the effective date of the Agreement was on or about October 1, 2015. D1 admits that Section 8.2 of the Agreement, which addresses when a party may terminate for economic reasons, states that "neither party may terminate this Agreement for Economic Reasons within 12 months of the Effective Date." D1 denies the remaining allegations contained in paragraph 24 of the Complaint.

25. D1 admits that Section 8.2 of the Agreement, which addresses when a party may terminate for economic reasons, states that "neither party may terminate this Agreement for Economic Reasons within 12 months of the Effective Date."  D1 denies the remaining allegations contained in paragraph 25 of the Complaint.

26. The allegations contained in paragraph 26 of the Complaint purport to quote and summarize terms of the Agreement, but omit material language from the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

27. D1 denies the allegations contained in paragraph 27 of the Complaint.

28. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint and therefore denies same.

29. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and therefore denies same.

30. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies same.

31. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies same.

32. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies same.

33. D1 denies the allegations contained in paragraph 33 of the Complaint.

34. D1 denies the allegations contained in paragraph 34 of the Complaint.

35. D1 denies the allegations contained in paragraph 35 of the Complaint.

36. D1 denies the allegations contained in paragraph 36 of the Complaint.

37. D1 denies that it has damaged Arnold's medical practice and reputation. D1 denies that it has provided a low quality of therapy management services. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint and therefore denies same.

38. D1 admits that its representatives and Arnold had discussions on or about February 5, 2016, concerning their relationship under the Agreement. D1 denies the remaining allegations contained in paragraph 38 of the Complaint.

39. D1 denies the allegations contained in paragraph 39 of the Complaint.

40. D1 denies the allegations contained in paragraph 40 of the Complaint.

41. D1 denies the allegations contained in paragraph 41 of the Complaint.

42. D1 denies the allegations contained in paragraph 42 of the Complaint.

43. D1 admits that Arnold expressed displeasure with its collections in or around April 2016 and that Arnold and McIntosh also discussed that billings had increased. D1 denies the remaining allegations contained in paragraph 43 of the Complaint.

44. D1 denies the allegations contained in paragraph 44 of the Complaint.

45. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore denies same.

46. D1 admits that Kim Provento requested, via an April 19, 2016 email, access to Arnold's billing system for the purpose of performing an audit. D1 denies the remaining allegations contained in paragraph 46 of the Complaint.

47. D1 denies the allegations contained in paragraph 47 of the Complaint.

48. D1 admits that Exhibit B to the Complaint is a "Notice and Acknowledgment" presented to it by Arnold. D1 denies the remaining allegations contained in paragraph 48 of the Complaint. Pleading further, D1 denies the truth of the statements contained in the "Notice and Acknowledgment."

49. D1 admits that it refused to sign the "Notice and Acknowledgement." D1 denies the remaining allegations contained in paragraph 49 of the Complaint.

50. D1 admits that Brett Rivers confirmed D1's refusal to sign the "Notice and Acknowledgement." D1 denies the remaining allegations contained in paragraph 50 of the Complaint.

51. D1 denies the allegations contained in paragraph 51 of the Complaint.

52. D1 admits that Exhibit C to the Complaint is a letter received by D1 from counsel for Arnold purporting to terminate the Agreement in breach of the Agreement's notice and cure provision. D1 denies the remaining allegations contained in paragraph 52 of the Complaint.

53. D1 denies the allegations contained in paragraph 53 of the Complaint.

54. D1 denies the allegations contained in paragraph 54 of the Complaint.

55. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

56. Paragraph 56 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 56 of the Complaint, D1 denies same.

57. Paragraph 57 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 57 of the Complaint, D1 denies same.

58. Paragraph 58 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 58 of the Complaint, D1 denies same.

59. Paragraph 59 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 59 of the Complaint, D1 denies same.

60. Paragraph 60 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 60 of the Complaint, D1 denies same.

61. Paragraph 61 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 61 of the Complaint, D1 denies same.

62. Paragraph 62 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 62 of the Complaint, D1 denies same.

63. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and therefore denies same.

64. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and therefore denies same.

65. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and therefore denies same.

66. D1 denies the allegations contained in paragraph 66 of the Complaint.

67. The paragraph following paragraph 66 of the Complaint is erroneously numbered 65 and the following paragraphs are numbered accordingly. D1 therefore hereafter responds to each paragraph as it is numbered in the Complaint. D1 denies the allegations contained in the second paragraph 65 of the Complaint.

68. D1 denies the allegations contained in the second paragraph 66 of the Complaint.

69. D1 denies the allegations contained in paragraph 67 of the Complaint.

70. D1 denies the allegations contained in paragraph 68 of the Complaint.

71. D1 denies the allegations contained in paragraph 69 of the Complaint.

72. D1 denies the allegations contained in paragraph 70 of the Complaint.

73. D1 denies the allegations contained in paragraph 71 of the Complaint.

74. D1 denies the allegations contained in paragraph 72 of the Complaint.

75. D1 denies the allegations contained in paragraph 73 of the Complaint.

76. D1 denies the allegations contained in paragraph 74 of the Complaint.

77. D1 denies the allegations contained in paragraph 75 of the Complaint.

78. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

79. Paragraph 77 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 77 of the Complaint could be construed as allegations of fact, they are denied.

80. D1 denies the allegations contained in paragraph 78 of the Complaint.

81. D1 denies the allegations contained in paragraph 79 of the Complaint.

82. D1 denies the allegations contained in paragraph 80 of the Complaint.

83. D1 denies the allegations contained in paragraph 81 of the Complaint.

84. D1 denies the allegations contained in paragraph 82 of the Complaint.

85. D1 denies the allegations contained in paragraph 83 of the Complaint.

86. D1 denies the allegations contained in paragraph 84 of the Complaint.

87. D1 denies the allegations contained in paragraph 85 of the Complaint.

88. D1 denies the allegations contained in paragraph 86 of the Complaint.

89. D1 denies the allegations contained in paragraph 87 of the Complaint.

90. D1 denies the allegations contained in paragraph 88 of the Complaint.

91. D1 denies the allegations contained in paragraph 89 of the Complaint.

92. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

93. Paragraph 91 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response.  To the extent any part of the allegations contained in paragraph 91 of the Complaint could be construed as allegations of fact, they are denied.

94. D1 denies the allegations contained in paragraph 92 of the Complaint.

95. D1 denies the allegations contained in paragraph 93 of the Complaint.

96. D1 denies the allegations contained in paragraph 94 of the Complaint.

97. D1 denies the allegations contained in paragraph 95 of the Complaint.

98. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

99. Paragraph 97 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response.  To the extent any part of the allegations contained in paragraph 97 of the Complaint could be construed as allegations of fact, they are denied.

100. D1 denies the allegations contained in paragraph 98 of the Complaint.

101. D1 denies the allegations contained in paragraph 99 of the Complaint.

102. D1 denies the allegations contained in paragraph 100 of the Complaint.

103. D1 denies the allegations contained in paragraph 101 of the Complaint.

104. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

105. Paragraph 103 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response.  To the extent any part of the allegations contained in paragraph 103 of the Complaint could be construed as allegations of fact, they are denied.

106. D1 denies the allegations contained in paragraph 104 of the Complaint.

107. Paragraph 105 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 105 of the Complaint, D1 denies same.

108. D1 denies the allegations contained in paragraph 106 of the Complaint.

109. D1 denies the allegations contained in paragraph 107 of the Complaint.

110. D1 denies the allegations contained in paragraph 108 of the Complaint.

111. D1 denies the allegations contained in paragraph 109 of the Complaint.

112. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

113. Paragraph 111 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 111 of the Complaint could be construed as allegations of fact, they are denied.

114. D1 denies the allegations contained in paragraph 112 of the Complaint.

115. D1 admits the allegations contained in paragraph 113 of the Complaint.

116. The allegations contained in paragraph 114 of the Complaint purport to quote and summarize terms of the Agreement, but omit material language from the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

117. The allegations contained in paragraph 115 of the Complaint purport to quote and summarize terms of the Agreement, but omit material language from the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

118. The allegations contained in paragraph 116 of the Complaint purport to quote and summarize terms of the Agreement, but omit material language from the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

119. The allegations contained in paragraph 117 of the Complaint purport to quote and summarize terms of the Agreement, but omit material language from the Agreement, and are therefore denied. Pleading affirmatively, D1 states that the Agreement speaks for itself and reflects the written agreement between Arnold and D1.

120. D1 denies the allegations contained in paragraph 118 of the Complaint.

121. D1 denies the allegations contained in paragraph 119 of the Complaint.

122. D1 denies the allegations contained in paragraph 120 of the Complaint.

123. D1 denies the allegations contained in paragraph 121 of the Complaint.

124. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

125. Paragraph 123 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 123 of the Complaint could be construed as allegations of fact, they are denied.

126. D1 denies the allegations contained in paragraph 124 of the Complaint.

127. D1 denies the allegations contained in paragraph 125 of the Complaint.

128. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

129.    Paragraph 127 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 127 of the Complaint could be construed as allegations of fact, they are denied.

130.    D1 denies the allegations contained in paragraph 128 of the Complaint.

131.    D1 denies the allegations contained in paragraph 129 of the Complaint.

132.    D1 denies the allegations contained in paragraph 130 of the Complaint.

133.    D1 denies the allegations contained in paragraph 131 of the Complaint.

134.    D1 denies the allegations contained in paragraph 132 of the Complaint.

135.    D1 denies the allegations contained in paragraph 133 of the Complaint.

136.    D1 denies the allegations contained in paragraph 134 of the Complaint.

137.    D1 requests a trial by jury.

138.    D1 denies each and every allegation contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

139.    The Complaint fails to state a claim against D1 upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

140.    Arnold's claims in whole or in part, are barred because Arnold has failed to mitigate any alleged damages, if any, allegedly suffered as a result of any conduct of D1 as alleged in the Complaint.

141.    Arnold's claims in whole or in part, are barred by the doctrines of waiver, acquiescence unclean hands, estoppel and/or laches.

142.    D1 incorporates herein by reference any and all affirmative defenses available to it under Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12(b), which discovery might reveal to be

appropriate, and specifically reserves the right to assert additional affirmative defenses as Arnold's claims are clarified during the course of this litigation.

143. D1 asserts the affirmative defense of set-off.

144. D1 asserts the affirmative defense that Arnold materially breached the Agreement.

145. D1 pleads affirmatively that Arnold has failed to plead with particularity the alleged circumstances constituting fraud in compliance with Fed. R. Civ. P. 9(b).

146. D1 pleads affirmatively that any award of punitive damages under the facts alleged herein would be unconstitutional and would violate D1's right to due process under Amendment V to the United States Constitution, and the due process clause found in Art. 2, Section 8, of the Arkansas Constitution.

## COUNTERCLAIM

For its Counterclaim against Arnold, D1 states as follows:

### Parties

147. D1 is a Tennessee limited liability company with its principal place of business in Franklin, Tennessee, whose members are Greg Perry, Charlie Hall and D1 Sports Parent, LLC. Greg Perry is a citizen of Tennessee. Charlie Hall is a citizen of Alabama.

148. D1 Sports Parent, LLC is a Tennessee limited liability company with its principal place of business in Franklin, Tennessee. The members of D1 Sports Parent, LLC and their state of citizenship are the following: a) Will Bartholomew is a citizen of Tennessee; b) Dan Murphy is a citizen of Tennessee; c) Larry Wane Jones, Jr. is a citizen of Florida; d) Chris Paul is a citizen of Virginia; e) Michael Oher is a citizen of Tennessee; f) Phillip Rivers is a citizen of California; g) Marques Colston is a citizen of New Jersey; h) Rob Wechsler is a citizen of Texas;

i) Roy Hibbert is a citizen of Florida; j) Tim Tebow is a citizen of Florida; and k) Michael Abramson is a citizen of Tennessee. No member of D1 or of D1 Sports Parent, LLC is a citizen of Arkansas.

149. Arnold is an Arkansas professional association with its principal place of business in Fayetteville, Washington County, Arkansas.

## Jurisdiction and Venue

150. This Court has jurisdiction over the parties hereto. Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

151. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

## Factual Background

152. D1 and Arnold entered into the Agreement, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

153. Section 8.1 of the Agreement states: "This Agreement shall commence on the date the first patient is seen in therapy (the "Effective Date") and shall continue for a Term of 60 months, unless earlier terminated as provided herein."

154. Paragraph 8.3 of the Agreement addresses termination for cause, and states: "Either party may terminate this Agreement by notice in writing to the other party if the other party fails to keep, observe, or perform any material term, agreement, or provision of this Agreement and such breach continues for a period of thirty (30) days after written notice is given to the breaching party by the other part specifying the nature of the breach and requesting that it be cured."

155. By letter dated May 4, 2016, Arnold terminated the Agreement effective June 10, 2016 without giving D1 written notice of its alleged breach and an opportunity to cure as required by Section 8.3 of the Agreement. A copy of the termination letter is attached hereto as Exhibit "B" and incorporated herein by reference.

156. On the afternoon of Friday, June 10, 2016, Arnold informed D1's employees at its clinic not to report for work on Monday, June 13, 2016, because it was terminating the relationship with D1 and changing the locks to the clinic so that D1's employees could not get into the clinic.

157. Arnold did in fact preclude D1's employees from performing under the Agreement at any time after June 10, 2016.

## Claim for Relief - Breach of Contract

158. D1 restates and realleges each and every allegation set forth in paragraphs 147 through 157 above as if set forth herein word for word.

159. D1 and Arnold entered into the Agreement.

160. Arnold breached the Agreement by terminating it in a manner that did not comply with Paragraph 8.3 of the Agreement.

161. Arnold breached the Agreement by terminating it on thirty (30) days' notice without giving D1 written notice specifying the nature of the alleged breach and giving D1 an opportunity to cure the alleged breach.

162. Arnold also breached the Agreement when it terminated it because D1 did not fail to keep, observe, or perform any material term, agreement or provision of the Agreement, but instead performed its obligations under the Agreement.

163. D1 has suffered damages as a proximate result of Arnold's breach of the Agreement, including the costs and expenses incurred by D1 in providing training and support, and the loss of profits that D1 would have earned under the Agreement.

164. D1 is entitled to recover damages from Arnold in an amount to be proven at trial, but in excess of $500,000.00.

165. D1 is also entitled to recover its reasonable attorneys' fees and costs of suit incurred in defending the Complaint and pursuing this counterclaim.

WHEREFORE, Defendant and Counter-Plaintiff D1 Sports Medicine, LLC, prays that the Complaint filed herein by Christopher A. Arnold, M.D., P.A. be dismissed, that it have and recover judgment against Counter-Defendant Christopher A. Arnold, M.D., P.A. on its Counterclaim for compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, pre-judgment and post-judgment interest, attorneys' fees, costs expended herein, and all other relief to which it may show itself entitled.

## DEMAND FOR JURY TRIAL

166. D1 demands a trial by jury on all issues raised and claims alleged in the Complaint and in D1's Counterclaim.

        Respectfully submitted,

        LAX, VAUGHAN, FORTSON,
           ROWE & THREET, P.A.
        11300 Cantrell Road, Suite 201
        Little Rock, Arkansas 72212
        (501) 376-6565
        (501) 376-6666 *fax*
        gfortson@laxvaughan.com


By: /s/ *Grant E. Fortson*
        Grant E. Fortson (92148)

        *Attorneys for D1 Sports Medicine, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the follows:

G. Chadd Mason
Mason Law Firm
3900 N. Front Street, Ste. 203
Fayetteville, AR 72703

S. Lance Cox
Cox, Cox & Estes, PLLC
3900 N. Front Street, Ste. 203
Fayetteville, AR 72703

             */s/ Grant E. Fortson*
             Grant E. Fortson