**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**CHRISTOPHER A. ARNOLD, M.D., P.A.**                                **PLAINTIFF**

**vs.**                       **Case No. 5:16-cv-05178-PKH**

**D1 SPORTS MEDICINE, LLC**                                                  **DEFENDANT**

**ANSWER OF D1 SPORTS MEDICINE, LLC TO FIRST AMENDED AND THIRD
PARTY COMPLAINT AT LAW, AND PETITION FOR DECLARATORY JUDGMENT**

COMES NOW, D1 Sports Medicine, LLC ("D1"), by its undersigned counsel, and for its Answer to the First Amended and Third Party Complaint at Law, and Petition for Declaratory Judgment (the "Complaint"), states as follows:

1. D1 admits that Christopher A. Arnold, M.D., P.A. ("Arnold") is engaged in business in Fayetteville, Washington County, Arkansas. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. D1 admits the allegations contained in paragraph 2 of the Complaint.

3. D1 admits the allegations contained in paragraph 3 of the Complaint.

4. D1 admits the allegations contained in paragraph 4 of the Complaint.

5. D1 admits the allegations contained in paragraph 5 of the Complaint as to it. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and therefore denies same.

6. D1 admits the allegations contained in paragraph 6 of the Complaint.

7. D1 admits the allegations contained in paragraph 7 of the Complaint.

8. D1 admits that Greg Perry is an individual resident of Olive Branch, Mississippi who is president and a member of D1. D1 denies the remaining allegations contained in paragraph 8 of the Complaint.

9. D1 admits that David McIntosh is an individual resident of Oklahoma who is an Area Director of D1. D1 denies the remaining allegations contained in paragraph 9 of the Complaint.

10. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and therefore denies same.

11. D1 denies the allegations contained in paragraph 11 of the Complaint.

12. D1 admits that it is affiliated with some other companies that utilize the "D1" trademark. D1 denies the remaining allegations contained in paragraph 12 of the Complaint.

13. D1 admits that D1 Sports Parent, LLC ("D1 Sports Parent") is a member of D1, along with Greg Perry and Charles Hall. D1 admits that D1 Sports Parent is a Tennessee limited liability company with its principal place of business in Franklin, Tennessee. D1 denies the remaining allegations contained in paragraph 13 of the Complaint.

14. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and therefore denies same.

15. D1 denies that its agents held Terri Connell out as president of Medical Billing Services, LLC. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and therefore denies same.

16. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies same.

17. D1 denies that Ms. Connell was the credentialing and marketing manager for D1 Sports Training, LLC or that D1 Sports Training, LLC is part of the same "brand" of companies as D1

Sports Medicine. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Complaint and therefore denies same.

18. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies same.

19. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies same.

21. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies same.

22. D1 denies that Amy Mizell is currently or was formerly employed or associated with D1 or any affiliate of D1. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint and therefore denies same.

23. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies same.

24. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies same.

25. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies same.

26. D1 admits that "D1" is a tradename utilized by it and some affiliated companies.

27. D1 denies the allegations contained in paragraph 27 of the Complaint.

28. D1 admits that Exhibit A to the Complaint appears to be a copy of the Therapy Management Agreement ("TMA") entered between Arnold and D1 on or about August 18, 2015, the terms of which speak for themselves. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint and therefore denies same.

29. D1 denies the allegations contained in paragraph 29 of the Complaint.

30. D1 denies the allegations contained in paragraph 30 of the Complaint.

31. D1 admits that Exhibit A to the Complaint appears to be a copy of the TMA entered between Arnold and D1 on or about August 18, 2015, the terms of which speak for themselves. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31 of the Complaint and therefore denies same.

32. D1 admits the allegations contained in paragraph 32 of the Complaint.

33. D1 admits the allegations contained in paragraph 33 of the Complaint.

34. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies same.

35. Paragraph 35 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 35 of the Complaint could be construed as allegations of fact, they are denied.

36. D1 denies the allegations contained in paragraph 36 of the Complaint.

37. D1 admits that this Court has jurisdiction over the subject matter and it, and that venue properly lies in this Court, all as set forth in D1's Notice of Removal.

38. The allegations contained in paragraph 38 of the Complaint purport to quote and summarize terms of the TMA, but omit material language from the TMA, and are therefore

denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

39. The allegations contained in paragraph 39 of the Complaint purport to summarize terms of the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1. D1 admits that under the TMA it would lease to Arnold "all non-clerical, licensed or certified personnel (i.e., physical therapists, certified athletic trainers, and occupational therapists) necessary for the provision of therapy services to [Arnold's] patients . . .." (TMA § 3).

40. The allegations contained in paragraph 40 of the Complaint purport to summarize terms of the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1. D1 admits that Section 3.2 of the TMA contains a representation by D1 that "the Leased Employees will have the necessary education, licenses, permits, training, and certificates to perform the services described in this Section 3 . . .." (TMA § 3.2).

41. D1 denies the allegations of paragraph 41 of the Complaint which allege implicit or implied terms in the TMA. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

42. The allegations contained in paragraph 42 of the Complaint purport to summarize terms of the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

43. The allegations contained in paragraph 43 of the Complaint purport to summarize terms of the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

44. The allegations contained in paragraph 44 of the Complaint purport to quote and summarize terms of the TMA, but omit material language from the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

45. The allegations contained in paragraph 45 of the Complaint purport to summarize terms of the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

46. The allegations contained in paragraph 46 of the Complaint purport to summarize terms of the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

47. D1 admits the allegations contained in paragraph 47 of the Complaint.

48. The allegations contained in paragraph 48 of the Complaint purport to summarize terms of the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1. D1 admits that Section 8.2 of the TMA addresses when a party may terminate for economic reasons, and speaks for itself.

49. D1 admits that the effective date of the TMA was on or about October 1, 2015. D1 admits that Section 8.2 of the TMA, which addresses when a party may terminate for economic reasons, states that "neither party may terminate this Agreement for Economic Reasons within 12 months of the Effective Date." D1 denies the remaining allegations contained in paragraph 49 of the Complaint.

50. D1 admits that Section 8.2 of the TMA, which addresses when a party may terminate for economic reasons, states that "neither party may terminate this Agreement for Economic

Reasons within 12 months of the Effective Date." D1 denies the remaining allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint purport to quote and summarize terms of the TMA, but omit material language from the TMA, and are therefore denied. Pleading affirmatively, D1 states that the TMA speaks for itself and reflects the written agreement between Arnold and D1.

52. D1 denies the allegations contained in paragraph 52 of the Complaint.

53. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and therefore denies same.

54. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies same.

55. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore denies same.

56. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and therefore denies same.

57. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore denies same.

58. D1 denies the allegations contained in paragraph 58 of the Complaint.

59. D1 denies the allegations contained in paragraph 59 of the Complaint.

60. D1 denies the allegations contained in paragraph 60 of the Complaint.

61. D1 denies the allegations contained in paragraph 61 of the Complaint.

62. D1 denies that it has damaged Arnold's medical practice and reputation. D1 denies that it has provided a low quality of therapy management services. D1 is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint and therefore denies same.

63. D1 admits that its representatives and Arnold had discussions on or about February 5, 2016, concerning their relationship under the TMA. D1 denies the remaining allegations contained in paragraph 63 of the Complaint.

64. D1 denies the allegations contained in paragraph 64 of the Complaint.

65. D1 denies the allegations contained in paragraph 65 of the Complaint.

66. D1 denies the allegations contained in paragraph 66 of the Complaint.

67. D1 denies the allegations contained in paragraph 67 of the Complaint.

68. D1 admits that Arnold expressed displeasure with its collections in or around April 2016 and that Arnold and McIntosh also discussed that billings had increased. D1 denies the remaining allegations contained in paragraph 68 of the Complaint.

69. D1 denies the allegations contained in paragraph 69 of the Complaint.

70. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and therefore denies same.

71. D1 admits that Kim Provento requested, via an April 19, 2016 email, access to Arnold's billing system for the purpose of performing an audit. D1 denies the remaining allegations contained in paragraph 71 of the Complaint.

72. D1 denies the allegations contained in paragraph 72 of the Complaint.

73. D1 admits that Exhibit D to the Complaint is a "Notice and Acknowledgment" presented to it by Arnold. D1 denies the remaining allegations contained in paragraph 73 of the Complaint. Pleading further, D1 denies the truth of the statements contained in the "Notice and Acknowledgment."

74. D1 admits that it refused to sign the "Notice and Acknowledgement." D1 denies the remaining allegations contained in paragraph 74 of the Complaint.

75. D1 admits that Brett Rivers confirmed D1's refusal to sign the "Notice and Acknowledgement." D1 denies the remaining allegations contained in paragraph 75 of the Complaint.

76. D1 denies the allegations contained in paragraph 76 of the Complaint.

77. D1 admits that Exhibit C to the Complaint is a letter received by D1 from counsel for Arnold purporting to terminate the TMA in breach of the TMA's notice and cure provision. D1 denies the remaining allegations contained in paragraph 77 of the Complaint.

78. D1 denies the allegations contained in paragraph 78 of the Complaint.

79. D1 denies the allegations contained in paragraph 79 of the Complaint.

80. D1 admits that a representative of D1 gave a representative of Arnold Amy Mizell's name at the representative of Arnold's request. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Complaint and therefore denies same.

81. D1 denies the allegations contained in paragraph 81 of the Complaint.

82. D1 denies the allegations contained in paragraph 82 of the Complaint.

83. D1 denies the allegations contained in paragraph 83 of the Complaint.

84. D1 denies the allegations contained in paragraph 84 of the Complaint.

85. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and therefore denies same.

86. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and therefore denies same.

87. D1 denies the allegations contained in paragraph 87 of the Complaint.

88. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and therefore denies same.

89. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and therefore denies same.

90. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and therefore denies same.

91. D1 denies that it concealed any purported common interests from Arnold. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 91 of the Complaint and therefore denies same.

92. D1 denies that it concealed any purported common interests from Arnold. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 92 of the Complaint and therefore denies same.

93. D1 denies that it represented fees and expenses to Arnold as an inducement for it to contract with D1. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 93 of the Complaint and therefore denies same.

94. D1 denies the allegations contained in paragraph 94 of the Complaint as they pertain to or reference it or D1 Sports Parent. D1 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94 of the Complaint and therefore denies same.

95. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint and therefore denies same.

96. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint and therefore denies same.

97. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint and therefore denies same.

98. D1 denies the allegations contained in paragraph 98 of the Complaint.

99. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

100. Paragraph 100 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 100 of the Complaint, D1 denies same.

101. Paragraph 101 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 101 of the Complaint, D1 denies same.

102. Paragraph 102 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 102 of the Complaint, D1 denies same.

103. Paragraph 103 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 103 of the Complaint, D1 denies same.

104. Paragraph 104 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 104 of the Complaint, D1 denies same.

105. Paragraph 105 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 105 of the Complaint, D1 denies same.

106. Paragraph 106 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 106 of the Complaint, D1 denies same.

107. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint and therefore denies same.

108. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint and therefore denies same.

109. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint and therefore denies same.

110. D1 denies the allegations contained in paragraph 110 of the Complaint.

111. D1 denies the allegations contained in paragraph 111 of the Complaint.

112. D1 denies the allegations contained in paragraph 112 of the Complaint.

113. D1 denies the allegations contained in paragraph 113 of the Complaint.

114. D1 denies the allegations contained in paragraph 114 of the Complaint.

115. D1 denies the allegations contained in paragraph 115 of the Complaint.

116. D1 denies the allegations contained in paragraph 116 of the Complaint.

117. D1 denies the allegations contained in paragraph 117 of the Complaint.

118. D1 denies the allegations contained in paragraph 118 of the Complaint.

119. D1 denies the allegations contained in paragraph 119 of the Complaint.

120. D1 denies the allegations contained in paragraph 120 of the Complaint.

121. D1 denies the allegations contained in paragraph 121 of the Complaint.

122. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

123. Paragraph 123 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 123 of the Complaint could be construed as allegations of fact, they are denied.

124. D1 denies the allegations contained in paragraph 124 of the Complaint.

125. D1 denies the allegations contained in the second paragraph 124 of the Complaint.

126. D1 denies the allegations contained in paragraph 125 of the Complaint.

127. D1 denies the allegations contained in paragraph 126 of the Complaint.

128. D1 denies the allegations contained in paragraph 127 of the Complaint.

129. D1 denies the allegations contained in paragraph 128 of the Complaint.

130. D1 denies the allegations contained in paragraph 129 of the Complaint.

131. D1 denies the allegations contained in paragraph 130 of the Complaint.

132. D1 denies the allegations contained in paragraph 131 of the Complaint.

133. D1 denies the allegations contained in paragraph 132 of the Complaint.

134. D1 denies the allegations contained in paragraph 133 of the Complaint.

135. D1 denies the allegations contained in paragraph 134 of the Complaint.

136. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

137. Paragraph 136 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 136 of the Complaint could be construed as allegations of fact, they are denied.

138. D1 denies the allegations contained in paragraph 137 of the Complaint.

139. D1 denies the allegations contained in paragraph 138 of the Complaint.

140. D1 denies the allegations contained in paragraph 139 of the Complaint.

141. D1 denies the allegations contained in paragraph 140 of the Complaint.

142. D1 denies the allegations contained in paragraph 141 of the Complaint.

143. D1 denies the allegations contained in paragraph 142 of the Complaint.

144. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

145. Paragraph 144 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 144 of the Complaint could be construed as allegations of fact, they are denied.

146. D1 denies the allegations contained in paragraph 145 of the Complaint.

147. D1 denies the allegations contained in paragraph 146 of the Complaint.

148. D1 denies the allegations contained in paragraph 147 of the Complaint.

149. D1 denies the allegations contained in paragraph 148 of the Complaint.

150. D1 denies the allegations contained in paragraph 149 of the Complaint.

151. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

152. Paragraph 151 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 151 of the Complaint could be construed as allegations of fact, they are denied.

153. D1 denies the allegations contained in paragraph 152 of the Complaint.

154. Paragraph 153 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response may be required to any part of the allegations contained in paragraph 153 of the Complaint, D1 denies same.

155. D1 denies the allegations contained in paragraph 154 of the Complaint.

156. D1 denies the allegations contained in paragraph 155 of the Complaint.

157. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the Complaint and therefore denies same.

158. D1 denies the allegations contained in paragraph 157 of the Complaint.

159. D1 denies the allegations contained in paragraph 158 of the Complaint.

160. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

161. Paragraph 160 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 160 of the Complaint could be construed as allegations of fact, they are denied.

162. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the Complaint and therefore denies same.

163. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the Complaint and therefore denies same.

164. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Complaint and therefore denies same.

165. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Complaint and therefore denies same.

166. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Complaint and therefore denies same.

167. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Complaint and therefore denies same.

168. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

169. Paragraph 168 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 168 of the Complaint could be construed as allegations of fact, they are denied.

170. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the Complaint and therefore denies same.

171. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the Complaint and therefore denies same.

172. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

173. Paragraph 172 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 172 of the Complaint could be construed as allegations of fact, they are denied.

174. D1 denies the allegations contained in paragraph 173 of the Complaint.

175. D1 denies the allegations contained in paragraph 174 of the Complaint.

176. D1 denies the allegations contained in paragraph 175 of the Complaint.

177. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

178. Paragraph 177 does not allege facts as required by the applicable rules of civil procedure and therefore requires no response. To the extent any part of the allegations contained in paragraph 177 of the Complaint could be construed as allegations of fact, they are denied.

179. D1 denies the allegations contained in paragraph 178 of the Complaint.

180. D1 denies the allegations contained in paragraph 179 of the Complaint.

181. D1 denies the allegations contained in paragraph 180 of the Complaint.

182. D1 denies the allegations contained in paragraph 181 of the Complaint.

183. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

184. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of the Complaint and therefore denies same.

185. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the Complaint and therefore denies same.

186. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the Complaint and therefore denies same.

187. D1 incorporates herein by reference all of its responses to the preceding allegations as if set forth herein word for word.

188. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 of the Complaint and therefore denies same.

189. D1 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 188 of the Complaint and therefore denies same.

190. D1 requests a trial by jury.

191. D1 denies each and every allegation contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

192. The Complaint fails to state a claim against D1 upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

193. Arnold's claims in whole or in part, are barred because Arnold has failed to mitigate any alleged damages, if any, allegedly suffered as a result of any conduct of D1 as alleged in the Complaint.

194. Arnold's claims in whole or in part, are barred by the doctrines of waiver, acquiescence, unclean hands, estoppel and/or laches.

195. D1 asserts the affirmative defense of set-off as more particularly set forth in its counterclaim.

196. D1 asserts the affirmative defense that Arnold materially breached the TMA.

197. D1 pleads affirmatively that Arnold has failed to plead with particularity the alleged circumstances constituting fraud in compliance with Fed. R. Civ. P. 9(b).

198. D1 incorporates herein by reference any and all affirmative defenses available to it under Fed. R. Civ. P. 8(c) and Fed. R. Civ. P. 12(b), which discovery might reveal to be appropriate, and specifically reserves the right to assert additional affirmative defenses as Arnold's claims are clarified during the course of this litigation.

199. D1 pleads affirmatively that any award of punitive damages under the facts alleged herein would be unconstitutional and would violate D1's right to due process under Amendment V to the United States Constitution, and the due process clause found in Art. 2, Section 8, of the Arkansas Constitution.

WHEREFORE, Defendant and Counter-Plaintiff D1 Sports Medicine, LLC, prays that the First Amended and Third Party Complaint at Law, and Petition for Declaratory Judgment filed herein by Christopher A. Arnold, M.D., P.A. be dismissed, that it have and recover judgment against Counter-Defendant Christopher A. Arnold, M.D., P.A. on its Counterclaim for compensatory damages in an amount in excess of $75,000.00, exclusive of interest and costs, pre-judgment and post-judgment interest, attorneys' fees, costs expended herein, and all other relief to which it may show itself entitled.

Respectfully submitted,

LAX, VAUGHAN, FORTSON,
  ROWE & THREET, P.A.
11300 Cantrell Road, Suite 201
Little Rock, Arkansas 72212
(501) 376-6565
(501) 376-6666 *fax*
gfortson@laxvaughan.com

By: /s/ *Grant E. Fortson*
    Grant E. Fortson (92148)

*Attorneys for D1 Sports Medicine, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of November, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

G. Chadd Mason
Mason Law Firm
3900 N. Front Street, Ste. 203
Fayetteville, AR 72703

S. Lance Cox
Cox, Cox & Estes, PLLC
3900 N. Front Street, Ste. 203
Fayetteville, AR 72703

*/s/ Grant E. Fortson*
Grant E. Fortson