IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER A. ARNOLD, M.D., P.A.**                                **PLAINTIFF**

vs.                              Case No. 5:16-cv-05178-PKH

**D1 SPORTS MEDICINE, LLC**                                **DEFENDANT**
                                                           **COUNTER-PLAINTIFF**

vs.

**CHRISTOPHER A. ARNOLD, M.D., P.A.**            **COUNTER-DEFENDANT**
                                                 **THIRD PARTY PLAINTIFF**

vs.

**GREG PERRY *ET AL*.**                                    **DEFENDANTS**

## BRIEF IN SUPPORT OF D1 SPORTS PARENT, LLC'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff Christopher A. Arnold, M.D., P.A. originally brought this action against D1 Sports Medicine, LLC ("D1 Sports Medicine"), asserting various claims based on or related to a contract entered between Plaintiff and D1 Sports Medicine in August 2015. On November 4, 2016, Plaintiff filed its First Amended and Third-Party Complaint at Law, and Petition for Declaratory Judgment (the "Amended Complaint") adding D1 Sports Parent, LLC ("D1 Sports Parent") as a defendant to this action. The Amended Complaint fails to allege any facts establishing any plausible claim against D1 Sports Parent and should be dismissed.

### APPLICABLE STANDARD

Although the Court accepts as true the factual allegations of the Complaint, the Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs. of Am. v. Am. State*

*Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).  When considering a Rule 12(b)(6) motion,

> a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" . . . The plausibility of a complaint turns on whether the facts alleged allow [the Court] to "draw the reasonable inference that the defendant is liable [as] alleged.

*Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (internal citations omitted); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When viewed under the applicable standard, the Plaintiff's Complaint fails to state a claim upon which relief can be granted against D1 Sports Parent and should be dismissed.

## FACTUAL ALLEGATIONS

The Amended Complaint contains the following allegations pertaining to D1 Sports Parent.  The ownership, management, or other business interests of MedXsys were shared, either in whole or in part, and whether directly or indirectly, with D1 Sports Parent.  (Am. Compl., Doc. #16, ¶ 11.)  D1 Sports Parent is an owner of D1 Sports Medicine.  (*Id*. ¶ 13.)  Medical Billing Services' representatives were actually representing and acting on behalf of Medical Billing Solutions, LLC, and/or D1 Sports Parent and/or one or more of the John Doe defendants.  (*Id*. ¶ 94.)  The Amended Complaint does not allege that any employee or agent of D1 Sports Parent engaged in any conduct whatsoever.

## ARGUMENT

The Amended Complaint contains nine counts, none of which name D1 Sports Parent.  However, two counts—Count VII for Civil Conspiracy and Count VIII for Tortious Interference with Contract and Business Expectancy—purport to state claims against all defendants. The Amended Complaint contains no allegations that support a civil conspiracy claim or a tortious

interference with contract claim against D1 Sports Parent.  Accordingly, the Plaintiff's claims against D1 Sports Parent should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As set forth above, the only factual allegations pertaining to D1 Sports Parent are that it is an owner of D1 Sports Medicine and that it shared in the management and ownership of MedXsys. (Am. Compl., Doc. #16, ¶¶ 11, 13.)  Taken as true, these allegations are insufficient to state a claim against D1 Sports Parent upon which relief can be granted.  Plaintiff cannot adequately state a claim against D1 Sports Parent based solely on its ownership of another defendant herein.  "It is a nearly universal rule that a corporation and its stockholders are separate and distinct entities, even though a stockholder may own the majority of the stock." *K.C. Props. Of N.W. Ark., Inc. v. Lowell Inv. Partners, LLC*, 373 Ark. 14, 32, 280 S.W.3d 1, 15 (2008) (citing *First Commercial Bank v. Walker*, 333 Ark. 100, 969 S.W.2d 146 (1998)).  A party seeking to disregard a corporate entity has the burden of proving that the corporate form was abused to his injury.  *Quinn-Matchet Ptnrs., Inc. v. Parker Corp.*, 85 Ark. App. 143, 149, 147 S.W.3d 703, 707 (2004).  Because the Amended Complaint contains no allegations sufficient to state a claim to pierce the corporate veil and hold D1 Sports Parent liable for claims alleged against D1 Sports Medicine or other defendants, the Plaintiff's claims against D1 Sports Parent should be dismissed.

Moreover, with respect to the conspiracy claim "[t]here 'must be allegations that the defendants [] directed themselves toward an [] action by virtue of a mutual understanding' and 'some factual allegations suggesting such a 'meeting of the minds'" *Basham v. Am. Nat'l County Mut. Ins. Co.*, 2015 U.S. Dist. LEXIS 29122, at *29 (W.D. Ark. Mar. 10, 2015) (citation omitted).  The Amended Complaint contains no allegations to show that D1 Sports Parent agreed on a common goal with any of the other defendants to accomplish a purpose that is unlawful or

oppressive, or by unlawful and oppressive means. *See id*. at *22 (quoting *Faulkner v. Arkansas Children's Hosp.*, 347 Ark. 941, 961, 69 S.W.3d 393, 406 (2002)).  Simply put, the Amended Complaint is devoid of any factual allegations pertaining to D1 Sports Parent, other than those regarding its ownership and management of other defendants.  The few allegations which do pertain to D1 Sports Parent are insufficient to state a claim under Federal Rule of Civil Procedure 8, and the Amended Complaint should be dismissed as to D1 Sports Parent.

## CONCLUSION

For the reasons set forth herein, the Amended Complaint should be dismissed as to D1 Sports Parent, LLC.

        Respectfully submitted,

        LAX, VAUGHAN, FORTSON,
          ROWE & THREET, P.A.
        11300 Cantrell Road, Suite 201
        Little Rock, Arkansas 72212
        (501) 376-6565
        (501) 376-6666 *fax*
        gfortson@laxvaughan.com

By: /s/ *Grant E. Fortson*
     Grant E. Fortson (ABN 92148)
     Ralph D. Scott III (ABN 2015127)

*Attorneys for D1 Sports Parent, LLC*

## CERTIFICATE OF SERVICE

       I hereby certify that on the 22nd day of December, 2016 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following persons:

G. Chadd Mason
Mason Law Firm
3900 N. Front Street, Ste. 203
Fayetteville, AR 72703
chaddmason@aol.com

S. Lance Cox
Cox, Cox & Estes, PLLC
3900 N. Front Street, Ste. 203
Fayetteville, AR 72703
lcox@coxfirm.com

Caley B. Vo
Wright, Lindsey & Jennings LLP
3333 Pinnacle Hills Parkway, Suite 510
Rogers, AR 72758-8960
cvo@wlj.com

                                                */s/ Grant E. Fortson*
                                                Grant E. Fortson